CCA No. WR-82,624-01
CAUSE NO. 22,444-A

82,624-01

STACEY CARTER                              S        IN THE DISTRICT COURT

VERSUS                                     S        OF POLK COUNTY, TEXAS

THE STATE OF TEXAS                         S        411TH JUDICIAL DISTRICT C

*MOTION DENIED 2-12-15 DATE: BY: C*

## APPLICANT'S MOTION TO AMEND AND SUPPLEMENT WRIT OF HABEAS CORPUS, AND MEMORANDUM

NOW INTO COURT comes Applicant pro se in the above cause request to Amend and Supplement his Writ of Habeas Corpus Memorandum. However not to do away or dismiss Applicant's Original Writ of Habeas Corpus already on file, but rather to Amend it as follows:

RECEIVED IN
COURT OF CRIMINAL APPEALS
FEB 06 2015
Abel Acosta, Clerk

I.

Applicant is requesting the court to add a Ground Eight (8) to his already filed Writ of Habeas Corpus in the above cause number:

Ground Eight: Violation of the Due Process Clause under the United State Constitutional Fourteenth Amendment, 14

FACTS SUPPORTING GROUND EIGHT: Applicant was denied due process at evidentiary and suppression hearing when the Court allowed false and hearsay testimony to secure probable cause to search and seize applicant's vehicle which discovered said evidence to charge applicant. The Court also allowed admitted testimony from officer Burman that he infact detained applicant after the justification for the traffic stop ended for the arrival of a K-9 to gain probable cause to search vehicle.

II.

GROUND 8: ARGUMENT TO BE ADDED TO APPLICANTS MEMORANDUM IN SUPPORT OF:

Applicant was denied due process when the Court allowed false testimony from Burman that was hearsay to deny applicant's motion to suppress the said evidence at the evidentiary and suppression hearing. Burman testified under oath that Randy Turner the trained K-9 handler whom arrived at the scene told him the K-9 alerted on the driver's side door, given Burman probable cause to search applicant vehicle now. HOWEVER, at trial officer Randy Turner contradicted Burman's testimony for probable cause to search applicant's vehicle, by testifying under oath as a expert witness for the State, and trained K-9 handler on the scene that the "K-9 DID NOT ALERT TO GIVE BURMAN PROBABLE CAUSE TO SEARCH VEHICLE". The very same Judge whom found probable cause to charge applicant on Burman's hearsay testimony at the evidentiary and suppression hearing erred for not correcting her finding that Trooper Burman had probable cause to search applicant's vehicle. The Court allowed false and hearsay testimony in trial also to go uncorrected to allow the jury to secure applicant's conviction and sentence. Applicant should have been free to leave the scene once the computer check came back negative and receive his citation for speeding, and any evidence used against him is Fruit of the poisonous tree because it was discovered during unreasonable seizure. And his motion to suppress the evidence should have been granted. Further when the trial court heard evidence that Burman's testimony at suppression and evidentiary hearing was false, should have corrected her ruling for probable cause and stop trial on evidence newly discovered.

## GROUND 8: STANDARD REVIEW/APPLICABLE LAW:

A witness testifying under oath commits perjury if he or she gives false testimony concerning material matters with willful intent to provide false testimony; To establish perjury it is required to prove that witness (1). with intent to deceive and (2). with knowledge of statement meaning (3). made false statements under oath (4). that was required or authorized by law to be made under oath (5). in connection with official proceeding and (6). that false statements was material;

ARTICLE VIII. HEARSAY; RULE 801. Definition.

(d). Hearsay. "Hearsay" is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matters asserted.

Constitutional Law provide that; A conviction secured by the use of false and hearsay evidence must fall under due process clause; Where the Court accepts false and hearsay evidence to go uncorrected when it appears, when the reliability of a given witness may well be determined of guilt or innocence; the Courts nondisclosure of evidence affecting credibility justifies a new trial or acquittal under the due process clause, irrespective of court's good faith or bad faith; Convicting testimony known to the court to be prejured is denial of due process.. HEREAFTER Burman used false and hearsay testimony of material importance to applicant's conviction that had been known to trial Judge or Court, because it was the very same Judge whom conducted the hearing for evidentiary and suppression. The Judge in a non-detailed order, stating; The Court finds that the Trooper Police Officer had probable cause to search applicant's vehicle, on Burman's testimony that states; Officer Randy Turner the K-9 handler advised or told him the K-9 alerted, this testimony was hearsay, The trial Judge whom is the very same Judge heard contradicted evidence from not one, BUT TWO expert witnesses; (1). Expert witness was Randy Turner the trained K-9 handler on the scene, testified under oath that the K-9 DID NOT ALERT TO GIVE BURMAN PROBABLE CAUSE TO SEARCH VEHICLE; (2) Expert Crime Lab witness, she testified that There was NO-WAY THE K-9 COULD SNIFF the EVIDENCE AGAINST APPLICANT, It was the obligation of the court to became aware that the testimony of Burman was false for material facts for probable cause as a matter of sovereignty to govern impartially and whose interest in a criminal trial to see that justice is done, and a fair trial was conducted, whether prior statements was a result of negligence or designed; the responsibility to correct the false testimony of Constitutional law.

In Ex Parte Brandley 781 S.W.2d 886 (Tex. Crim. App. 1989), The Court of Criminal Appeals held that; The due process clause of the Fourteenth Amendment is not satisfied where State contrives a conviction through the pretense of a trial which in truth is but used as a means of depriving a defendant of liberty; or nor is due process satisfied where the Court fails to correct false statements, Ramirez v. State 96 S.W. 3d (Tex App. Austin 2002);

In U.S vs Dortch 199. F. 3d. 193 (5th Cir 1999), The Court of Appeals held that the Constitution was violated when the detention extended beyond the valid reason for the initial stop. that was admitted by Burman at evidentiary and suppression hearing; The Court erred in denying applicant's motion to suppress evidence seized in violation of his 4,14 Amendment..

In Shaffer 721 S.W.2d 594 (Tex. App. Corpus Christi 1986) The Court of Appeals reversed appellant's conviction finding that the trial court improperly allowed the State to introduce hearsay evidence before the jury, must circumvent the hearsay rule and unsworn out-of-court sources. This case before the court here allowed unsworn out-of-court statement for probable cause at evidentiary and suppressing hearing to charge applicant for trial, and deny applicant's motion to suppress evidence that was seized during an unreasonable detention that led to an illegal search and seizure. By inference applicant suggest that since out of court "statements were received into evidence for probable cause at suppression hearing, and at trial "HEARSAY VIOLATION OCCURED". Thus evidence as to the purport of information received by the witness or testimony of the result of investigation made by other persons, offered as proof of the facts asserts out of court, ARE properly classed as HEARSAY: McCormick on Evidence, Section 249, p. 735 (cleary Rev. 3d Ed 1984)

In Schaffer, Officer Segovia's testimony informed the jury that officer Seal's told him that appellant was not an informant; a jury is not likely to make legal distinction between a flat-out narrative (Seal's told me that appellant is not an informant).

In the case before us, Trooper Burman testimony informed the jury that officer Turner told him that the K-9 alerted to give him probable cause to search applicant's vehicle: a jury is not likely to make legal distinction between a flat-out narrative (Turner told me the K-9 alerted to give him probable cause to search applicant's vehicle) The police officer however should not be permitted to relate historical aspects of the case, replete with hearsay statements in the form of complaints and reports on grounds that he-she was entitled to tell the jury the information upon which he-she acted. In the case at bar, out-of-court implied statements was offered for its truth and was therefore Hearsay; introduction of the hearsay has affected "A SUBSTANTIAL RIGHT" of applicant's mandating reversal of his conviction. (Tex. R. Crim. Evid. 103 (a)).

## A.

Applicant is requesting that this Court add a Ground Nine (9) to his already filed Writ of Habeas Corpus in the above cause number:

Ground Nine: Violation of the Due Process Clause under the United States Constitutional Fourteenth Amendment, 14

Ground Nine Supporting Facts: Applicant was denied due process when State prosecution allowed false and hearsay testimony to secure applicant's conviction. Prosecution used Trooper Burman's testimony that the K-9 alerted to give him probable cause to search applicant's vehicle after the States expert witness Randy Turner the trained K-9 handler testified under oath that the "K-9 DID NOT ALERT FOR PROBABLE CAUSE" which contradicted all facts surrounding probable cause. Prosecution allowed Burman's testimony to mislead the jury to believe he had probable cause to search applicant's vehicle, and allowed perjured testimony to go without correcting it.

## B.

STANDARD OF REVIEW / APPLICABLE LAW TO ADD GROUND NINE, AND ALREADY filed Memorandum in Support of Writ of Habeas Corpus:

A witness testifying under oath commits perjury if he-she give fals testimony

3.

concerning material matters with willful intent to proved false testimony;

ARTICLE VIII . HEARSAY; RULE 801 . Definition

(d). Hearsay. "HEARSAY" is a statement, other than one made by the declarant while testifying at the trial or hearing offered in evidence to prove the truth of the matter asserted.                    81

Constitutional Law provides that; A conviction secured by the use of false evidence must fall under due process .as well as Hearsay, evidence when the reliability of a given witness may well be determinative of guilt or innocence. Irrespective of prosecution's good faith or bad faith, convicting testimony Known to prosecution to be prejured is denial of due process.   Hereafter Burman used prejured false testimony of material importance to applicant's conviction that had to be Known to prosecution because he was the same prosecutor whom conducted both pre-trial interviews of all three State witnesses, One being expert witness Randy Turner the trained K-9 handler at the scene whom testified at trial that the K-9 did NOT ALERT to give Burman probable cause to search applicant's vehicle, contradicted all Burman's testimony for probable cause, and the very same prosecutor whom conducted the direct examination of these witnesses at trial It was his obligation once he became aware that the testimony of his Key witness was not true, as a matter of sovereignty to govern impartially and whose interest in a criminal prosecution should not be to just win, but to see that justice is done, whether prior statements was a result of negligence or design, the responsibility to correct the different testimony of Constitutional Law. In Ex Parte Brandley 781 S.W. 2d 886 (Tex.Crim.App 1989) The Court of Criminal Appeals held that; The due process clause of the Fourteenth Amendment 14, is not satisfied where State contrives a conviction through the pretense of a trial which an unsolicited prejury, Ramirez v. State 96 S.W. 3d 386 (Tex.App.Austin 2002)

In Schaffer 721 S.W. 2d 594 (Tex.App.Corpus Christi 1986) The Court of Appeals reversed appellant's conviction finding that the trial court improperly allowed the State to introduce Hearsay evidence before the jury, must circumvent the hearsay rule and unsworn out-of-court sources. Case at bar, at evidentiary and suppression hearing the state prosection solicited unsworn out-of-court statement for the denial of applicant's motion to suppress the significient of the evidence.

Applicant offers, Texas.P.Criminal.Evidence. 801 (d) as instruction for what constitutes hearsay; "HEARSAY" is a statement, other than one made by the declarant while testifying at trial or hearing, offered in evidence to prove the truth of the matter asserted.     By inference, applicant suggest that since solicited out-of-court statement were received into evidence, Hearsay Violations Occured; Due Process Clause

THUS, evidence as to the purport of information received by the witness, or testimony of the results of investigation made by other persons offered as proof to the facts asserted out-of-court, "ARE PROPERLY CLASSED AS HEARSAY", McCormick on Evidence ,Section 249. p.735 Clearly Rev. 3d.Ed 1984. .    In the case

4.

at bar, Trooper Burman testimony informed the jury that officer Randy Turner told him the K-9 alerted for probable cause to search applicants vehicle. As in Schaffer officer Segovia's testimony informed the jury that Seal's told him that appellant was not an informant, a jury is not likely to make legal distinction between a flat-out narrative.

Police officer's however should not be allowed or permitted to relate historical aspects of the case, replete with hearsay statement in the form of complaints or reports on grounds that he-she was entitled to tell the jury the information upon which he-she acted.. In Schaffer and the case at bar applicant, out-of-court implied statements was offered for its truth and was therefore Hearsay. Introduced as hearsay has affected "A Substantial Right" of applicant's mandating an acquittal or reversal of his conviction, Tex.R.Crim.Evid.103(a)..

For the above violations of applicant's rights, placed and secured applicant's unlawfull confined in the Texas Department of Criminal Justice under Due Process Clause and Ineffective Assistance of Counsel, U.S.C.A. Const Amend 4,6,14

WHEREFORE Applicant ask this court to amend and supplement these new grounds Eight (8) and Nine(9) to his already filed Writ of Habeas Corpus and not to circumvent or dismiss the habeas already on file..

Respectfully Submitted

STACEY CARTER #1870516
2664-FM 2054
TENNESSEE, TEXAS 75884

## CERTIFICATE

I HEREBY CERTIFY that a copy of the above and foregoing has been mailed to the following Courts with postage adequately affixed and placed in the United States mail. KATHY CLIFTON, Polk County, 101 W. Mill St. Suite 216, Livingston, Texas 77351-3233. ABEL ACOSTA, Court of Criminal Appeals, P.O. Box 12308, Cantitol Station Austin, Texas 78711.

This 3 day of February, 2015

Sincerely
STACEY CARTER
Applicant Pro Se